## Commonwealth v. Heller.

*Metzger & Wickersham*, for rule; *Samuel Handler*, contra.

NILES, P. J., 19th judicial district, specially presiding.—Sarah Heller, the defendant, was tried upon an indictment for misdemeanor under the Act of April 18, 1919, P. L. 70, for drawing a check without funds with intent to defraud.

The testimony of the prosecutor, Samuel L. Bortner, Esq., with no contradiction, was: That on Jan. 20, 1926, at his office in Philadelphia, the defendant signed and delivered to him a check on the Central Trust Company of Harrisburg for $117.75 for money then due him; which check he, the same day, deposited in his Philadelphia bank, and in due course it was presented at the Harrisburg Trust Company and refused for the reason that the defendant had no funds nor credit there to meet it.

The verdict of the jury found the defendant guilty, and the matter now comes up on motion in arrest of judgment and for a new trial.

The formal reasons that the verdict is against the weight of the evidence, against the law, and against the charge of the court, and that there was

absence of evidence of the intent to cheat and defraud, and that the weight of the testimony clearly indicates a lack of knowledge on the part of defendant that her account was overdrawn, are not substantial. Were there nothing more before us, the motion would be refused.

The additional reason, that the court was without jurisdiction, is substantial.

To sustain a conviction of crime, the locality of the commission must be proved to have been within the jurisdiction of the court, i. e., within the County of Dauphin: Com. v. Robinson, 1 D. & C. 188.

The question was not raised at the trial. The check in controversy was made, drawn, uttered and delivered by the defendant to the prosecutor in Philadelphia on Jan. 20, 1926.

If at that time and place, the defendant's intent was to defraud, knowing at that time that she had not sufficient funds in nor credit with the drawee trust company, the offense was then and there complete: Com. v. Rush and Harnett, 78 Pa. Superior Ct. 404.

This is a different situation from that ruled on in Com. v. Rogowski, 6 D. & C. 628. In that case the check alleged to be fraudulent was mailed from Philadelphia to the prosecutor in York, and the Quarter Sessions Court of York County, in an opinion by Ross, J., ruled that such delivery by mail at York was sufficient to give that court jurisdiction within the meaning of the act.

Substantially the same ruling was made by Baldrige, P. J., in the Quarter Sessions Court of Blair County in Com. v. Ballante, 2 D. & C. 538.

The facts in the case at bar, proved without contradiction at the trial, showed that the misdemeanor, if committed, was not committed in Dauphin County, and, therefore, the defendant could not properly be tried here.

And now, to wit, May 23, 1927, the defendant's motion in arrest of judgment and for a new trial is granted and a new trial is ordered.

From Homer L. Kreider, Harrisburg, Pa.